UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELLIOTT D. GOODIN,<br><br>                Plaintiff,<br><br>v.<br><br>DR. GREGORY BAHDER and DR. DODDS SIMAGEN,<br><br>                Defendants. | NO. 2:20-CV-0017-TOR<br><br>ORDER GRANTING MOTION FOR ORDER TO PRODUCE MEDICAL RECORDS AND FOR PROTECTIVE ORDER |

BEFORE THE COURT is Defendants' Motion for Order to Produce Medical Records and Enter Protective Order (ECF No. 20). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion to Produce Medical Record and Enter Protective Order (ECF No. 20) is granted.

This case concerns Plaintiff's allegations that Defendants administered an antipsychotic medication to Plaintiff to which he is allergic while he was confined

ORDER GRANTING MOTION FOR ORDER TO PRODUCE MEDICAL RECORDS AND FOR PROTECTIVE ORDER ~ 1

at Eastern State Hospital. Defendants seek production of medical and mental health records relating to Plaintiff's medication history, medical condition history, and behaviors potentially justifying the use of antipsychotic medications in the time period leading up to the events at issue in this case. ECF No. 20. Plaintiff opposes this discovery, arguing that Plaintiff has already provided his own medical evidence in support of his claims. ECF No. 21. It is true that Plaintiff has produced some medical records, but Defendants are entitled to seek additional discovery to support their defenses. The Court finds that the current request is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Produce Medical Records and for Protective Order (ECF No. 20) is **GRANTED**.

1. Production of the following medical records and/or mental health records shall be done in accordance with and subject to the following provisions:

    a. Because of the large number of documents which may contain discoverable material and the extraordinary amount of time and expense involved in producing redacted documents, un-redacted documents that include personal information such as social security numbers, dates of birth and home addresses of state employees and/or applicants will be provided in discovery. It is

ORDER GRANTING MOTION FOR ORDER TO PRODUCE MEDICAL RECORDS AND FOR PROTECTIVE ORDER ~ 2

recognized that such personal information is highly confidential and should not be shared or disseminated in any way except in accordance with the terms of this Order.  Therefore, the following protective provisions shall be followed.

b. All records containing confidential personal information provided in discovery are provided solely for use in connection with the prosecution and/or defense of any claims in this litigation and neither the documents nor their contents may be used or disseminated by any person or entity for any other purpose. Records are to be produced without redactions.

c. Dissemination of the documents is limited to the attorneys for the parties to this action who may provide copies of the documents, as necessary, to lay and expert witnesses for review.  Any witness who receives any documents must be provided with a copy of this Order, must abide by these protective provisions, and may not provide the documents, the contents of the documents, or copies of the documents to any other person.  All copies provided to witnesses must be returned to counsel immediately after they are no longer needed by the witness.

ORDER GRANTING MOTION FOR ORDER TO PRODUCE MEDICAL RECORDS AND FOR PROTECTIVE ORDER ~ 3

    d. The documents/contents of the documents containing confidential personal information shall not be otherwise disseminated or distributed or made public in any way and, if it becomes necessary to file any of these documents, the documents must be filed under seal.

    e. Within 30 days of the conclusion of this matter by entry of a final order or order terminating review, all documents and copies thereof must be destroyed and/or returned to counsel for Eastern State Hospital.

2. Any and all medical records of Plaintiff produced in discovery either by a signed release or subpoena shall be subject to the terms of this protective order. The Court hereby orders that the following records are relevant and/or may lead to discoverable material and shall be produced in discovery and subject to the protections as set out herein:

**Records Relevant to the Litigation and Ordered for Production Include:**

| | |
|---|---|
| **Name of PATIENT**: | ELLIOTT GOODIN |
| **Identity of PROVIDER/CUSTODIAN OF RECORDS** (includes hospital, clinic, physician, psychiatrist, counselor, therapist or any other mental health and/or health care provider, nurses technicians or other Eastern | EASTERN STATE HOSPITAL |

ORDER GRANTING MOTION FOR ORDER TO PRODUCE MEDICAL RECORDS AND FOR PROTECTIVE ORDER ~ 4

| | | |
|---|---|---|
| 1, 2 | State Hospital employees having contact with Elliott Goodin: | |
| 3, 4, 5 | **X-rays, medical charts, medical records, notes, etc.  (took x-ray of injured hand)** | EASTERN STATE HOSPITAL<br>David Tu Nguyen, DO/LE<br>Radiologist<br>Suzanne Bemis<br>Eastern State Hospital<br>850 Maple Street<br>Medical Lake, WA 99022 |
| 6–20 | **Description of Mental Health and/or Medical Records relevant and included in the records maintained by the above providers**: | • Each and every document relating or referring to Haldol or haloperidol.<br>• Each and every document relating or referring to side effects from the administration of Haldol or haloperidol.<br>• Each and every document relating or referring to adverse reactions from the administration of Haldol or haloperidol.<br>• Each and every document relating or referring to Elliott Goodin experiencing swelling in his legs.<br>• Each and every document relating or referring to Elliott Goodin's cardiovascular health, including his pacemaker.<br>• Each and every document relating or referring to Elliott Goodin's history of involuntary treatment with antipsychotics.<br>• Each and every document relating or referring to cardiovascular side effects from the administration of antipsychotic medication.<br>• Each and every document relating or referring to adverse cardiovascular reactions from the |

ORDER GRANTING MOTION FOR ORDER TO PRODUCE MEDICAL
RECORDS AND FOR PROTECTIVE ORDER ~ 5

- administration of antipsychotic medication.
- Each and every document relating or referring to Elliott Goodin's medication history.
- Each and every document relating or referring to any allegation, suspicion, incident or disciplinary action relating to inappropriate and/or aggressive behavior by Elliott Goodin towards staff and/or patients at Eastern State Hospital from September 1, 2018 through December 1, 2019.
- Each and every document referring or relating to Elliott Goodin threatening other patients or acting inappropriately toward other patients from September 1, 2018 through December 1, 2019.
- Each and every document referring or relating to any seclusion or intervention with Elliott Goodin by staff at Eastern State Hospital from September 1, 2018 through December 1, 2019.
- Each and every document referring or relating to any allegedly assaultive behavior of Elliott Goodin toward any staff member at Eastern State Hospital from September 1, 2018, through December 1, 2019.
- Each and every document referring or relating to Elliott Goodin's behavior and staff observations and interactions for the two weeks preceding and following November 13, 2018,

ORDER GRANTING MOTION FOR ORDER TO PRODUCE MEDICAL RECORDS AND FOR PROTECTIVE ORDER ~ 6

| | |
|---|---|
| | and the week of June 13-20, 2019.<br>• Each and every document referring or relating to any measures taken to prevent Elliott Goodin from engaging in assaultive behavior toward staff at Eastern State Hospital from September 1, 2018, through December 1, 2019.<br>• Any records of reported injuries and treatment or examination of Elliott Goodin for reported physical injuries, including swelling of the legs, occurring while he was confined at Eastern State Hospital from January 1, 2015, to December 1, 2019. |
| **Place and Manner of Production requested** | Eastern State Hospital shall produce by electronic copy on PDF file and/or computer disc the above identified records directed to Defendant's counsel. Defendants counsel to provide copies or make records available for review to Plaintiff in a form acceptable to Eastern State Hospital based upon security and safety measures applicable to patients. |

//

//

//

//

//

ORDER GRANTING MOTION FOR ORDER TO PRODUCE MEDICAL RECORDS AND FOR PROTECTIVE ORDER ~ 7

3.  The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** July 30, 2020.



THOMAS O. RICE
United States District Judge