UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELLIOTT D. GOODIN,<br><br>      Plaintiff,<br><br>  v.<br><br>DR. GREGORY BAHDER and DR. DODDS SIMAGEN,<br><br>      Defendants. | NO. 2:20-CV-0017-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's construed Motion for Reconsideration (ECF No. 37). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing and is fully informed. For the reasons discussed below, Plaintiff's Motion for Reconsideration (ECF No. 37) is **DENIED**.

## BACKGROUND

This case concerns Plaintiff's allegations that Defendants administered an antipsychotic medication to Plaintiff to which he is allergic in November 2018 and

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

1  June 2019 while Plaintiff was committed at Eastern State Hospital.  ECF No. 11.

2  On August 5, 2020, Plaintiff submitted five "amendments" containing letters and

3  various documents relating to his commitment.  ECF Nos. 29-33.  Defendants filed

4  a motion to strike the five amendments on the grounds that they were "immaterial

5  and impertinent."  ECF No. 34 at 1.  The Court granted Defendants' motion

6  finding Plaintiff's amendments did not contain information relevant to the

7  allegations in the Complaint.

8      Plaintiff sent a letter to the Court on October 15, 2020 referencing "4

9  documents" and asking the Court "to reconsider these documents not be stricken."

10  ECF No. 37 at 1.  It is unclear to which four documents Plaintiff is referring, as he

11  originally filed a total of five.  *See* ECF Nos. 29-33.  The Court liberally construes

12  Plaintiff's October 15th letter as a Motion for Reconsideration.  Defendants object

13  to the Motion on the grounds that it is untimely, and that Plaintiff has failed to

14  demonstrate reconsideration is appropriate.  Plaintiff filed eight additional

15  documents on November 3, 2020 to support his Motion for Reconsideration.  ECF

16  Nos. 41-42.

**DISCUSSION**

18      A motion for reconsideration of a final judgment may be reviewed under

19  Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or

20  Rule 60(b) (relief from judgment).  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,

1262 (9th Cir. 1993). Where a final judgment has not been entered, the Court has discretion to reconsider under Rule 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b); *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Additionally, the Court has inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction." *Id*. While both Rule 54(b) and the common law provide distinct authority under which a court may reconsider its rulings, the analysis under both appears to be the same. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583 (D. Ariz. 2003).

Here, a final judgment has not been entered; thus, Rule 54(b) or the common law is the applicable authority. Some courts have adopted local rules specifically addressing the legal standard that applies to reconsideration under Rule 54(b) or the common law. *See, e.g.*, *Motorola, Inc.*, 215 F.R.D. at 583-86 (D. Ariz. 2003) (collecting cases). This Court has not adopted such a rule. Instead, the Court's analysis is guided by the law of the case doctrine as applied by the Ninth Circuit. *See Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703 (9th Cir. 1990). Under the law of the case doctrine, reconsideration may be appropriate in cases that "involve an intervening change in the law, the availability of new evidence, or

the need to correct a clear error or prevent manifest injustice." *Seiko Epson Corp. v. Glory S. Software Mfg., Inc.*, 684 F. Supp. 2d 1231, 1242 (D. Or. 2010). As a rule, a court should be loath to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Nonetheless, whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff has not identified an intervening change in the law, submitted any new evidence, or demonstrated the Court committed clear error that was manifestly unjust. The majority of the additional documents submitted by Plaintiff on November 3, 2020 have already been filed in this matter. *See* ECF Nos. 11 at 6; 29 at 2; and 11 at 3-5. The new documents (ECF No. 41 at 2; at 6-8) do not contain any new information that was not available at the time of the challenged Order. *Hawaii Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) ("[R]econsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.") (citation omitted). Plaintiff simply disagrees with the Court's prior order striking his

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4

amendments, which is "an insufficient basis for reconsideration." *Id.* Thus, Plaintiff has not provided any grounds upon which the Court can grant his motion.

This is not the time for Plaintiff to submit evidence supporting his allegations. That evidence can be submitted with an appropriate motion for summary judgment, in response to or opposing summary judgment by opposing counsel, or at the time of trial.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration (ECF No. 37) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** November 9, 2020.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 5