| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| ELLIOTT D. GOODIN, | NO. 2:20-CV-0017-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| DR. GREGORY BAHDER and DR. DODDS SIMANGAN, | |
| Defendants. | |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF No. 64). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 64) is GRANTED.

//

//

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

This case concerns Plaintiff Elliot Goodin's allegations that Defendants Dr. Bahder and Dr. Simangan administered an antipsychotic medication to Plaintiff in November 2018 and June 2019, to which he is allergic, while Plaintiff was committed at Eastern State Hospital ("ESH").  ECF No. 11.  During those time periods, Plaintiff was exhibiting aggressive and threatening behavior that endangered himself and others.  ECF No. 65 at 2, ¶ 7; at 4, ¶ 16.  Plaintiff has a history of aggressive and threatening behavior that is best managed by the administration of antipsychotic medication.  *Id*. at 4, ¶ 17.  During the relevant periods, Plaintiff was non-compliant with his medication.  *Id*. at 3, ¶ 13; at 4, ¶ 18.

After reviewing Plaintiff's medical history and consulting with Defendant Dr. Simangan and an ESH pharmacist and finding no evidence to suggest Plaintiff was severely allergic to Haldol/Haloperidol, Defendant Dr. Bahder invoked his authority to execute ESH Policy 1.12 for the involuntary administration of Haldol/Haloperidol as needed for 30 days to address Plaintiff's behavior.  *Id*. at 4, ¶¶ 15, 19.  The orders were executed on November 13, 2018 and June 14, 2019.  *Id*. at 4, ¶ 15; at 5, ¶ 21.  Under both circumstances, Defendants believed the involuntary administration of Haldol/Haloperidol was the last viable option to protect Plaintiff's safety and the safety of others.  *Id*. at 3, ¶ 14.

Defendants move for summary judgment on the grounds that Plaintiff's Fourteenth Amendment right to bodily safety and security was not violated and because Defendants are entitled to qualified immunity. ECF No. 64 at 2.

## DISCUSSION

### I. Legal Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id*. at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in

favor of the non-moving party.  *Id.*  The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

A *pro se* litigant's contentions offered in motions and pleadings are properly considered evidence "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [a litigant] attest[s] under penalty of perjury that the contents of the motions or pleadings are true and correct."  *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (allegations in a *pro se* plaintiff's verified pleadings must be considered as evidence in opposition to summary judgment).  Conversely, unverified pleadings are not treated as evidence.  *Contra Johnson v. Meltzer*, 134 F.3d 1393, 1399-400 (9th Cir. 1998) (verified motion swearing that statements are "true and correct" functions as an affidavit); *Schroeder v. McDonald,* 55 F.3d 454, 460 n.10 (9th Cir. 1995) (pleading counts as "verified" if drafter states under penalty of perjury that the contents are true and correct).  Although *pro se* pleadings are held to less stringent standards than those prepared by attorneys, *pro se* litigants in an ordinary civil case

should not be treated more favorably than parties with attorneys of record. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

## II.    Section 1983 Claim

Defendants move for summary judgment on Plaintiff's Section 1983 claim alleging violation of Plaintiff's Fourteenth Amendment rights. ECF No. 64 at 4. Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "If there is no constitutional violation, the inquiry ends and the officer is entitled to qualified immunity." *Ioane v. Hodges*, 939 F.3d 945, 950 (9th Cir. 2018).

During the events at issue, Defendants were employed by Eastern State Hospital, a state-run facility in Medical Lake, Washington. Therefore, Defendants were acting under the color of state law. Plaintiff's claim turns on whether Defendants' actions deprived Plaintiff of some right, privilege, or immunity protect by federal law. "Involuntarily committed patients in state mental health

hospitals have a Fourteenth Amendment due process right to be provided safe conditions by the hospital administrators." *Ammons v. Wash. Dept. of Soc. and Health Servs.*, 648 F.3d 1020, 1027 (9th Cir. 2011).  An involuntarily committed individual's right to safe conditions is measured by a "professional judgment" standard.  *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982).  "[L]iability may be imposed for failure to provide safe conditions 'when the decision made by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment.'"  *Ammons*, 648 F.3d at 1027 (quoting *Youngberg*, 457 U.S. at 323).  "[T]his standard is equivalent to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence."  *Estate of Conners by Meredith v. O'Connor*, 846 F.2d 1205, 1208 (9th Cir. 1988).

    Here, it is undisputed that Plaintiff has a history of engaging in aggressive and threatening behavior that endangers himself and others.  ECF No. 65 at 4, ¶ 17.  Plaintiff's aggressive cycles can only be controlled with the appropriate antipsychotic medication.  *Id*. at 4, ¶ 17.  In November 2018, Plaintiff was cycling through his aggressive and threatening behavior.  *Id*. at 2, ¶ 7; at 4, ¶ 16.  At the time, Plaintiff had been refusing to voluntarily take antipsychotic medication.  *Id*. at ¶ 18.  Defendants believed the administration of Haldol/Haloperidol was the last

remaining option to curb Plaintiff's aggressive and threatening behavior and to ensure Plaintiff's safety and the safety of others. *Id*. at 3, ¶ 14. On November 13, 2018, Defendant Dr. Bahder exercised his authority to execute an ESH Policy 1.12 order for the involuntary administration of Haldol/Haloperidol as needed to address Plaintiff's behavior and to ensure Plaintiff's safety and the safety of others. ECF No. 65 at 3, ¶ 10; at 4, ¶ 15.

Similarly, in June 2019, Plaintiff was exhibiting aggressive and threatening behavior, endangering himself and others. *Id*. at 4, ¶ 16. At that time as well, he had been refusing to voluntarily take antipsychotic medications. *Id*. at ¶ 18. Again, Defendant Dr. Bahder exercised his authority to execute an ESH Policy 1.12 order for the involuntary administration of Haldol/Haloperidol. *Id*. at ¶ 19. The June 2019 order was effective beginning June 14, 2019 for a period of 30 days. *Id*. at 5, ¶ 20. Plaintiff's assertion that he was involuntarily administered Haldol/Haloperidol on June 13, 2019 is unsupported by evidence. *See* ECF No. 11 at 1.

There is no evidence in the record to indicate Defendants departed from their standards of professional judgment. *Youngberg*, 457 U.S. at 323. Defendant Dr. Bahder routinely consults with Dr. Simangan, his supervisor, and Plaintiff's cardiologist regarding Plaintiff's treatment, including the use of antipsychotic medications. ECF No. 65 at 2, ¶ 5. In both November 2018 and June 2019,

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 7

1  Defendant Dr. Bahder consulted with Defendant Dr. Simangan and an ESH
2  pharmacist to review his decision to invoke ESH Policy 1.12.  *Id*. at 5, ¶ 20.
3  Noting no recent adverse reactions to Haldol/Haloperidol in Plaintiff's medical
4  chart or history, nor any prohibition from Plaintiff's cardiologist regarding the use
5  of Haldol/Haloperidol, Defendant Dr. Bahder ordered the involuntary
6  administration of Haldol/Haloperidol.  *Id*. at 4, ¶ 15; at 5, ¶ 21.

7  In his Response, and throughout this litigation, Plaintiff submitted various
8  documents that he claims demonstrate his severe allergy to Haldol/Haloperidol.
9  *See, e.g.,* ECF Nos. 41, 52, 71.  However, none of the evidence suggests a severe
10  allergy.  *See* ECF Nos. 41 at 3–4; 71 at 3–11.  Additionally, many of the
11  documents submitted by Plaintiff are duplicative or outdated.  *Compare, e.g.*, ECF
12  No. 41 at 3 *with* ECF Nos. 52 at 2; 71 at 2; *see also* ECF No. 52 at 2–6.  Notably,
13  Defendant Dr. Bahder has routinely ordered the administration of
14  Haldol/Haloperidol during his time caring for Plaintiff and Plaintiff has never
15  displayed any adverse reactions that would warrant discontinuance.  ECF No. 65 at
16  2, ¶ 3.  In fact, Plaintiff was recently taking Haldol/Haloperidol voluntarily up until
17  November 2020 and was not experiencing any side effects or allergic reactions.  *Id*.
18  at 2, ¶ 4.

19  Plaintiff's contention that his legs swell from the injectable version of
20  Haldol/Haloperidol is insufficient to establish a severe allergy that would

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 8

constitute a Fourteenth Amendment violation. ECF No. 71 at 1. As Defendant Dr. Bahder indicated, allergies and side effects are not one in the same. ECF No. 67 at 2, ¶ 10. Because the undisputed facts show no departure from standards of professional judgment, Plaintiff's Fourteenth Amendment rights were not violated. *Youngberg*, 457 U.S. at 323. Defendants are entitled to qualified immunity. *Ioane*, 939 F.3d at 950. Even construing the evidence in the light most favorable to Plaintiff, Defendants are entitled to judgment as a matter of law.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 64) is **GRANTED**.

2. Plaintiff's *in forma pauperis* status is **REVOKED**.

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is directed to enter this Order, enter judgment for Defendants, furnish copies to the parties, and **close** the file.

DATED May 28, 2021.



THOMAS O. RICE
United States District Judge